UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
CRYSTAL MURDOCK,                    :
        Plaintiff,              :  **Hon. Joseph H. Rodriguez**
    v.                              :  **Civil Action No. 10-4717**
EAST COAST MORTGAGE CORP., et al,   :  **OPINION**
        Defendants.             :
_____

Presently before the Court are several motions filed by the parties in these cases, which have been consolidated. In addition to the above captioned case ( "the 4717 case"), the other two cases implicated in these motions are as follows: <u>OneWest Bank, FSB v. Murdock et al.</u>, Civil No. 10-4695 (JHR/JS) ("the 4695 Case") and <u>CitiMortgage, Inc. et al. v. Murdock et al.</u>, Civil No. 10-5360 (JHR/JS) ("the 5360 Case"). Crystal Murdock ("Murdock") filed motions, pursuant to Fed. R. Civ. P. 60(b), to set aside portions of the Court's Order dated August 17, 2011 in each of the three cases before the Court. In the 4717 case, Defendant Zucker, Goldberg & Ackerman ("Zucker") moves to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Over the course of the many months that this litigation has been pending, the parties resolved a majority of the issues during a series of meetings with Magistrate Judge Schneider. In addition, in her opposition brief, Murdock voluntarily abandons a number of the claims against Zucker.[1] The only claims that remain are Mudock's claims

---

[1] The claims plead against Zucker were as follows: violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, <u>et seq.</u>; the New Jersey Consumer Fraud

under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 and the related claim of conspiracy to violate the FDCPA. As a result, the claims under the NJFFA (Count XI and in part Count IX), the claims for breach of the covenant of good faith and fair dealing (Count XIV), professional negligence (Count XV), the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1, et seq. (Count XVI), and other common law claims (Counts XII and XIII) are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

On August 17, 2011, this Court entered an Order dismissing all of Murdock's claims under the FDCPA against moving Defendants East Coast Mortgage Company ("East Coast"), OneWest Bank, FSB ("OneWest"), and McCabe, Weisberg and Conway ("McCabe") on the ground that the claims were time barred. See Dkt. Nos. 55 & 56. Murdock moves for relief from that judgment, challenging the decision as incorrect.[2] On the other hand, Zucker seeks to use the reasoning of the decision to justify its motion on

---

Act, N.J.S.A. §§ 56:8-1, et seq.; the New Jersey Fair Foreclosure Act ("NJFFA"), N.J.S.A. 2A:50-53 to -68; fraud, civil conspiracy, professional negligence, breach of the covenant of good faith and fair dealing; and various other state law theories.

[2] Although Plaintiff moves under Fed. R. Civ. P. 60 (b), her motion really asks for reconsideration of the Court's August 17, 2011 Order. Plaintiff was precluded from moving for reconsideration under Fed. R. Civ. P. 59 because such a motion must be made within ten days of the Court's Order; Plaintiff filed a direct appeal on September 12, 2011 and then filed the present motion on October 3, 2011. Thus, a Rule 59 motion was time-barred.
      The direct appeal was dismissed because the Court's August 17, 2011 Order did not constitute a final order and Appellate review was not ripe. For this reason, Defendant McCabe's contention that Murdock's Rule 60(b) motions are procedurally defaulted in light of Murdock's direct appeal is unavailing. The Court has, and may have always had, jurisdiction to entertain Murdock's motions. See Venen v. Sweeten, 758 F.2d 117, 121 (3d Cir. 1985) (noting that a district court retains jurisdiction where an appeal has been taken on a unappealable issue.) As a result, Murdock's Rule 60(b) motions are properly before the Court at this time.

the same grounds as the rule of the case.[3] The Court has considered the written submissions of the parties, as well as the arguments advanced during the June 12, 2012 hearing. For the reasons stated on the record that day and for those that follow, Murdock's Rule 60(b) motions are denied and Zucker's motion to dismiss is granted.

## I. Background & Procedural History

The parties are familiar with complicated procedural evolution of the three actions currently before the Court, the identities of all parties currently or previously involved in the litigation, and the specifics of the allegations advanced. The Court recites only on the facts that are germane to the instant motions.[4]

### A. Origination of the Burlington Property Loan

Defendant Zucker served as counsel to IndyMac Federal Savings Bank and initiated foreclosure proceedings against one of Murdock's properties located in Burlington, New Jersey. The procedural and factual history of the Burlington foreclosure action are relevant to the disposition of the present motion. The relevant facts of that transaction are as follows.

---

[3]   Arguably, Zucker is correct that the law of the case doctrine applies here. "The law of the case doctrine directs district courts to refrain from re-deciding issues that were resolved earlier in the litigation. . . . Because it prevents courts from entertaining endless appeals on the same issue, the doctrine promotes finality and judicial economy." Public Interest Research Group of N.J., Inc. v. Magnesium Electron Inc., 123 F.3d 111, 116 (3d Cir. 1997). However, given that Murdock seeks relief from that judgment, the Court must first consider whether that judgment retains effect and, if so, whether the facts as they relate to Zucker are in step with those facts underlying the August 17, 2011 Order.

[4]   The background facts which constitute the basis for the parties' dispute are taken from the Second Amended Complaint and the exhibits attached thereto. The relevant procedural history is taken from the Court's review of the dockets of these three cases. Additional facts and the relevant procedural history can be gleaned from the Court's Opinion and Order of August 17, 2011.

On October 24, 2007, Murdock and East Coast entered into a loan agreement in connection with the purchase of a property located at 7 Brook Drive, Burlington, New Jersey ("Burlington Property"). (Id.)  Murdock secured the promissory note ("Note") for the purchase of the Burlington Property by executing a mortgage ("Mortgage") on the subject property, naming Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for East Coast. (Id.)

On July 11, 2008 IndyMac Bank, FSB ("IndyMac") was closed by the Office of Thrift Supervision ("OTS") and the FDIC was appointed as its receiver. (Second Am. Compl., Ex. A., Determination of Insufficient Assets To Satisfy Claims Against Financial Institution in Receivership, 74 Fed. Reg. 59,540 (FDIC Nov. 18, 2009)("FDIC Notice")). On the same day, OTS authorized creation of IndyMac Federal Bank, FSB ("IndyMac Federal"), a new federal savings bank for which the FDIC was appointed as conservator. (Id.) IndyMac's assets were transferred to IndyMac Federal under an agreement whereby the amount, if any, realized from the final resolution of IndyMac Federal after payment in full of IndyMac Federal's obligations was to be paid to the IndyMac receivership. (Id.)

According to Murdock, on or about March 12, 2009, Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for East Coast Mortgage, executed an assignment of the Burlington Property Mortgage, without the Note, to IndyMac Federal. (Second Am. Compl. at ¶ 116.)  However, the Burlington Property Mortgage alone, without the Note, was transferred by East Coast to MERS in its capacity as nominee. (Id. at ¶ 110.)

On March 19, 2009, IndyMac Federal was placed in receivership and substantially all of its assets were sold. On that date, the FDIC Receiver-IndyMac, the FDIC Conservator-IndyMac Federal and OneWest entered into multiple loan sale agreements ("Master Purchase Agreement"), whereby OneWest assumed substantially all of the assets of the FDIC Conservator-IndyMac Federal, including the Mortgage on the Burlington Property. (Id. at ¶ 119; Ex. A, June 1, 2010 FDIC Letter regarding Burlington Foreclosure Case.)

One week later, on March 26, 2009, the Zucker law firm filed a Complaint for Foreclosure on the Burlington Property on behalf of IndyMac Federal in the Superior Court of New Jersey, Chancery Division, Burlington County, bearing docket number F-16148-09 ("Burlington Foreclosure Case"). (Id. at ¶ 120.) On January 27, 2010, McCabe replaced Zucker as counsel for IndyMac Federal. (Id. at ¶ 122.) On May 15, 2010, the law firm of Parker McCay also entered an appearance and thereafter filed a motion on June 1, 2010 to substitute OneWest as plaintiff in lieu of IndyMac Federal. (Id. at ¶¶ 123, 125.) The trial judge entered an order on June 24, 2010, substituting OneWest as plaintiff in the Burlington Foreclosure Case. (Id. at 127.)

**B. Present Motions**

Murdock filed a Second Amended Complaint in this Court on October 12, 2010, which for the first time, contained claims under the FDCPA against McCabe, East Coast and One West and Zucker.[5] The Court's Opinion and Order of August 17, 2011 held that

---

[5] The majority of the claims plead have been resolved with the exception of the FDCPA claims against Zucker and the claim that Zucker acted in concert with others and/or conspired to violate the FDCPA. (Id. at ¶¶ 132-36). Murdock filed a stipulation of dismissal without prejudice as to all claims against the FDIC as receiver for IndyMac

5

Murdock's claims under the FDCPA, against McCabe, East Coast and One West, were time-barred and that Murdock's actions did not warrant the extreme remedy of equitable tolling. The Court reasoned that Murdock's claim under the FDCPA accrued with the filing of the foreclosure action on March 26, 2009 and that, with respect to equitable tolling, Murdock should have been aware as early as November 6, 2009 of a potential claim under the FDCPA and failed to act with requisite diligence in bringing her claim. Murdock did not file the Second Amended Complaint, alleging claims under the FDCPA, until October 12, 2010, well outside the one year limitations period. As a result, the Court dismissed the claims as time barred and declined to equitably toll the limitations period under the circumstances of the case.

For the same reasons set forth in the Court's August 17, 2011 Opinion and Order, Zucker contends that Murdock's claims against it under the FDCPA are time barred and that equitable tolling of the limitations period is not warranted. Alternatively, Zucker moves to dismiss Murdock's FDCPA claims on the merits for failure to state a claim under Fed. R. 12 (b)(6). Murdock's reasoning in her opposition brief is intertwined with her motions for relief from judgment under Fed.R.Civ.P. 60(b)(1) and (b)(6). She argues the Court's decision was error and opposes Zucker's Rule 12(b)(6) motion.

The Court considers the arguments under the following standards of review.

---

Federal on November 19, 2010, [Dkt. Entry No. 19], and a stipulation of dismissal with prejudice as to all claims against Parker on July 14, 2011 [Dkt. Entry No. 51].

## II.  Standards of Review
### A. Rule 12(b)(6)

A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  Under Fed. R. Civ. P. 8(a)(2), a pleading must contain only a "short plain statement of the claim showing that the pleader is entitled to relief."  A plaintiff is not required to plead evidence.  Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  However, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).

When reviewing a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009) (internal quotations omitted).[6]  The question is not whether the plaintiff will ultimately prevail.

---

[6]   "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."  U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).  To that end, "courts may consider a document that a defendant attaches as an exhibit to a motion to dismiss, provided that its authenticity is undisputed and that plaintiff's claims are based on the document."  Rogan v. Giant Eagle, Inc., 113 F.Supp.2d 777, 781 (W.D. Pa. 2000) (citing Pension Benefit Guaranty Corp. v. White, 998 F.2d 1192, 1196 (3d Cir.1993)).  Further, "a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint."  Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, (3d Cir. 1999).  These exceptions prevent a plaintiff with a legally deficient claim from surviving a motion to dismiss by failing to attach a dispositive document on which it relied.

Watson v. Abington Twp., 478 F.3d 144, 150 (3d Cir. 2007). Rather, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. - - - , 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

To determine the sufficiency of a complaint, the Third Circuit has held that the Court must conduct a three-step test. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, the Court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Next, the Court must separate the factual allegations from the legal conclusions. Id. at 1950. While the well-pleaded facts are accepted as true, legal conclusions are not entitled to the assumption of truth. Id. Last, the Court must determine whether the well-pleaded, non-conclusory factual allegations "plausibly give rise to an entitlement to relief." Id.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. Therefore, the complaint must do more than allege the plaintiff's entitlement to relief; it must "show" such an entitlement. Fowler, 578 F.3d at 211. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n] that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Ultimately, assessing plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Fowler, 578 F.3d at 211 (quoting Iqbal, 129 S. Ct. at 1949).

**B. Rule 60(b)**

Murdock moves under Fed. R. Civ. P. 60(b)(1) and (b)(6).  Federal Rule of Civil Procedure 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);  (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;  (4) the judgment is void;  (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

Fed. R. Civ. P. 60(b).

A motion filed pursuant to Rule 60(b) is left to the sound discretion of the trial court, and it "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'"  Moolenaar v. Government of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987).  Rather, "relief under Rule 60(b) is extraordinary and requires a showing of exceptional circumstances."  Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654 (3d Cir. 1998) (quoting Marshall v. Board of Education, 575 F.2d 417, 425-26 (3d Cir. 1978)) (internal quotation marks omitted) such as where "extreme and unexpected hardship" will result without it.  Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993).  As the Third Circuit explained in Kock v. Government of the Virgin Islands, 811 F.2d 240 (3d Cir. 1987),

> Rule 60(b) must be applied '[s]ubject to the propositions that the finality of judgments is a sound principle that should not lightly be cast aside, [and] that clause (6) is not a substitute for appeal. . . .'  It is intended to be

9

> a means for accomplishing justice in extraordinary situations, and so
> confined, does not violate the principle of the finality of judgments.

Kock, 811 F.2d at 246.

### III.  Discussion

Murdock's Rule 60(b) motion implicates Zucker's motion to dismiss as it relates to the statute of limitations issue.  Therefore, the Court will first address the statute of limitations issue.

**A. Murdock's Claims under the FDCPA**

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. The FDCPA prohibits, generally, the use of harassing oppressive, and abusive techniques in connection with the collection of debts, 15 U.S.C. § 1692d; the use of false, deceptive, or misleading representations in connection with the collection of debts, 15 U.S.C. § 1692e; and the use of unfair or unconscionable means in connection with the collection of debts, 15 U.S.C. § 1692f.  Section 1692k provides a private right of action to any person with respect to whom a debt collector has violated the statute. 15 U.S.C. § 1692k(a).  However, an action under the statute must be commenced "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).

 Murdock's FDCPA cause of action began to accrue on March 26, 2009, or shortly thereafter on May 23, 2009, when she was served with the foreclosure complaint.  See

10

Parker v. Pressler & Pressler, LLP, 650 F. Supp. 2d 326, 338 (D.N.J. 2009).[7] As to Murdock's claims against OneWest, East Coat , McCabe, and Zucker, the filing of the foreclosure complaint starts the FDCPA statute of limitations clock and Murdock's cause of action, filed nearly five months late, is time-barred. Murdock's argument, made in her brief and during oral argument, that the substitution of McCabe as foreclosure counsel starts the clock anew as to McCabe is unavailing.

Although different communications from a creditor may be considered as separate violations of the FDCPA, McCabe's appearance in the case in January 2010 does not constitute a separate cause of action under the FDCPA that begins the limitations clock anew.  Murdock's contention that the furthering of the foreclosure action by foreclosure counsel McCabe constitutes a separate violation that can be brought "within one year from the date on which the violation occurs," pursuant to 15 U.S.C. § 1692k(d) is not recognized in this Circuit.  Indeed, the Third Circuit has declined to extend the "continuing violations doctrine" in a debt collection action against counsel in a foreclosure action. Schaffhauser v. Citibank (South Dakota) N.A., 340 Fed. Appx. 128, 130-31 (3d Cir. 2009).  McCabe's participation in the foreclosure action against Murdock is, therefore, not a continuing or new violation under the FDCPA that affords Murdock a new limitations clock. Id.  As a result, as to East Coast, One West and McCabe, the statute of limitations period began to run at he time that Murdock was served with the foreclosure Complaint.  The FDCPA claims against East Coast, One West

---

[7] There is a split of authority on whether the filing date or the service date trigger the limitations clock under the FDCPA.  In this case, Murdock's claim falls outside the limitation period triggered by either of those dates, so the Court need not decide which event starts the limitations clock.  See Schaffhauser v. Citibank (South Dakota) N.A., 340 Fed. Appx. 128, 130-31 (3d Cir. 2009).

and McCabe are time-barred and the Court will not amend the August 17, 2011 Order in this regard.

For the same reasons, because the limitations clock began to run at the latest on May 23, 2009 against Zucker, Murdock's claims are time-barred.

### B.  The Doctrine of Equitable Tolling

Murdock's claims are not saved by the doctrine of equitable tolling.  Equitable tolling is an extraordinary remedy that can rescue a claim otherwise barred by the statute of limitations "when a plaintiff has 'been prevented from filing in a timely manner due to sufficiently inequitable circumstances.'"  Santos v. United States, 559 F.3d 189, 197 (3d Cir. 2009) (quoting Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999)).  The doctrine applies in three limited circumstances: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."  Id. (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)).  To be entitled to tolling on the grounds of fraudulent concealment, a plaintiff "must allege that the defendants' conduct prevented him 'from recognizing the validity of [her] claim within the limitations period.'"  Kliesh v. Select Portfolio Servicing, Inc., 419 Fed. App'x 268, 271 (3d Cir. 2011) (quoting Mathews v. Kidder, Peabody & Co., 260 F.3d 239, 256 (3d Cir. 2001)) (alteration in original).

The principles of equitable tolling do not extend to "garden-variety claims of excusable neglect." Santos, 559 F.3d at 197 (quoting Irwin v. Dep't of Veterans Affairs,

498 U.S. 89, 96 (1990).  Therefore, a plaintiff must also establish that she exercised due diligence in attempting to uncover the relevant facts and preserving her claim.  Id.; see also Cetel v. Kirwan Financial Group, Inc., 460 F.3d 494, 509 (3d Cir. 2006).  Ultimately, a plaintiff seeking to invoke the extraordinary remedy of equitable tolling bears a heavy burden and the Court should extend its application only sparingly.  See Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005).

Murdock takes issue with the Court's finding that the November 18, 2009 FDIC Notice, attached to the Second Amended Complaint, placed her and counsel on notice of a potential FDCPA claim by stating that: "On March 19, 2009, Indy Mac Federal was placed in receivership and *substantially all of its assets were sold*."  Murdock contends that notice of a claim was not imputed because she had no way of knowing whether the Note and Mortgage were included in the group of assets sold until she received the response to her discovery requests on April 15, 2010.  She contends that the word "substantially" undercuts the certainty of the sale of her Note and Mortgage and does not put her on notice of a potential claim under the FDCPA.[8]

In addition, Murdock recites in her brief paragraphs 119, 120, 121, 130, 132, and 133 of the Second Amended Complaint in support of her contention that she sets forth sufficient facts under Fed. R. Civ. P. 8(a).  As a result, she argues that the Court's August 17, 2011 is erroneous and that under these circumstances equitable tolling is appropriate.  Murdock insists that it was not until McCabe furnished its responses to her First Set of Requests for Admissions on or about April 15, 2010, that she first became

---

[8] Counsel goes on to argue that filing a claim under the FDCPA after receiving the November 18, 2009 FDIC notice would constitute a violation of N.J.Ct.R. 1:4-8(a)(3) and be unethical.

13

aware that IndyMac Federal was not the holder of the Note and Mortgage at the commencement of the foreclosure action.[9] (Id. at ¶¶ 121, 129-31.)

Applying the Rule 60(b) standard to the facts of this case, the Court finds that Murdock is not entitled to relief, as there have been no extraordinary circumstances presented to invoke the equity of Rule 60(b). Rather, Murdock continues to argue that the dates employed in the Court's statute of limitations and equitable tolling analyses under the FDCPA are erroneous. Murdock also reargues that she was actively misled by the defendants and that this conduct caused her delayed discovery of the alleged FDCPA violations.

Contrary to her argument, Murdock has not demonstrated sufficient cause under Rule 60(b) for the Court to disturb its August 17, 2011 ruling. Murdock's FDCPA cause of action began to accrue on March 26, 2009, or shortly thereafter on May 23, 2009, when she was served with the foreclosure complaint. See Parker, 650 F. Supp. 2d at 338. First, as the Court previously held, Murdock does not plead sufficient facts to establish that the defendants actively misled her. Murdock's FDCPA claim is predicated on the fact that when Zucker filed the foreclosure complaint on March 26, 2009, IndyMac was "a defunct and non-existent entity." (Opp'n to OneWest/EastCoast, p. 4.; Opp'n to McCabe, p. 2.) She contends that the defendants actively misled her because no efforts were made by IndyMac Federal or Zucker to apprise her of IndyMac Federal's interest in the Mortgage or Note associated with the Burlington Property, which

---

[9] Murdock's argument that she was beholden to the state's discovery schedule and was precluded otherwise from endeavoring to learn whether or not IndyMac was the holder of her mortgage does not establish that defendants actively mislead her or that she was diligent in her efforts.

14

changed hands only a week prior to the filing of the foreclosure complaint. (Opp'n to OneWest/EastCoast, p. 4.; Opp'n to McCabe, p. 3.) Further, Murdock supports her argument on the grounds that the Note and Mortgage have seemingly become separated, stating:

> Is clearly impossible for one mortgage and one note to follow two different tracks simultaneously without the intent to deceive Crystal Murdock and this Court or any other entity and/or individual who attempts to ascertain the ownership and/or possession of the subject mortgage and note which are being litigated herein.

(Opp'n to OneWest/EastCoast, p. 6.; Opp'n to McCabe, p. 4.) As the Court noted in its Opinion of August 17, 2011, Murdock's 79 page, 273 paragraph Second Amended Complaint, asserts sixteen causes of action. Counts IX-XVI merely recite, verbatim without further enhancement, the same legal conclusions found in four paragraphs contained in the Facts Common to All Claims section. These are merely legal conclusions, rather than factual allegations, that are not entitled to an assumption of truthfulness when ruling on a Rule 12(b)(6) motion to dismiss. Iqbal, 129 S. Ct. at 1950.

  Murdock also fails to establish that she exercised due diligence in uncovering the relevant facts and preserving her claim. Murdock attempts to argue that she was unaware of the possibility that IndyMac Federal did not hold the Note until she received confirmation from McCabe in April of 2010. (Second Am. Compl., ¶¶ 129-30.) However, Murdock's unsupported contention is belied by the facts alleged and documentation relied on in her Second Amended Complaint. As the Court previously ruled, Murdock's First Set of Requests for Admissions filed in the Burlington Foreclosure Case repeatedly, if not exclusively, references the March 19, 2009 Master Purchase Agreement and

transfer of substantially all assets from IndyMac Federal to OneWest.[10]  These Requests for Admissions are dated November 6, 2009, indicating that Murdock was aware of the transfer of assets less than eight months after the filing of the initial foreclosure complaint.  Further, the Nov. 18, 2009 FDIC Notice, attached as an exhibit to the Second Amended Complaint, placed Murdock and her counsel on notice that: "On March 19, 2009, IndyMac Federal was placed in receivership and *substantially all of its assets were sold*."  (Second Am. Compl., Ex. A., FDIC Notice.)  Thus, Murdock's assertion that "unfortunately, this fact was not readily known and/or ascertainable to Crystal Murdock until the Foreclosure Action was well underway," (Opp'n to OneWest/EastCoast, p. 4.; Opp'n to McCabe, pp. 2-3,) is contradicted by the record.

      Murdock has failed to show that the defendants actively misled her from ascertaining the existence of her FDCPA claims, and because she has failed to show that she exercised reasonable diligence in investigating and bringing these claims, the extreme remedy of equitable tolling is inappropriate.  See Santos, 559 F.3d at 197.  Murdock knew, or should have known, that the statute of limitations period for a claim under the FDCPA began to run, at the latest, when she was served with the Complaint.  She failed to act in a diligent manner to preserve her rights after receiving the November 2009 MERS notice which indicated that her mortgage may[11] have been transferred.  Murdock did not inquire about the status of her mortgage through any channels, even

---

[10]    Because Murdock relies on this document in her Second Amended Complaint, (Second Am. Compl., ¶¶ 129-30), it is properly considered by the Court.  See U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002).

[11] One would rightly understand the term "substantially all" to be more than a mere possibility as Murdock has claimed during oral argument.

though she knew the statute of limitations was running. Instead, Murdock waited until she received confirmation through the discovery process.

Murdock argues that she did not have a good faith basis to file the FDCPA complaint after receiving the MERS notice. The Court disagrees. Accordingly, Murdock's FDCPA claims are dismissed as time-barred.[12] The heavy burden of demonstrating that the extraordinary remedy of equitable tolling is appropriate in this instance has not been met. See Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005). The Court's conclusion that Murdock failed to demonstrate that she was actively misled or that she exercised reasonable diligence in investigating and bringing her claims, remains unchanged. She has not met the heavy burden of Rule 60(b) and her motion in this regard is denied.

For the same reasons that Murdock's claim is time-barred as to McCabe, so too is Murdock's claim under the FDCPA as to Zucker. Zucker made the initial filing and service of the complaint in foreclosure to Murdock. Murdock's Complaint was filed nearly 19 months after service of the foreclosure action and it is, according, time-barred. For the same reasons that the extreme remedy of equitable tolling do not apply, as detailed supra. with respect to McCabe, Murdock is not entitled to equitable tolling with respect to Zucker.

---

[12] To the extent that Murdock's FDCPA claim is predicated on activity other than the filing of the foreclosure complaint and alleged attempts by the defendants to conceal IndyMac Federal's interest in the loan, she fails to plead with sufficient particularity to show an entitlement to relief under any provision of the FDCPA. Iqbal, 129 S. Ct. at 1950. The Court will not attempt to decipher which additional conduct alleged in the Second Amended Complaint Murdock feels violated her rights under the FDCPA and then further endeavor to guess which provision of the FDCPA was violated by that conduct.

### C. Zucker's Motion to dismiss

Zucker contends that Murdock failed to plead that she was a "consumer" who received a "communication" from a "debt collector" regarding a "debt" as required by 15 U.S.C. § 1692.  In addition, Zucker claims that it is not subject to the FDCPA and that Murdock fails to identify which provision of the FDCPA Zucker allegedly violated.  For these reasons, Zucker moves for dismissal.

The Court notes that Zucker's arguments in this regard were not opposed by Murdock in her opposition brief, as the majority of the brief deals with Zucker's arguments related to the law of the case and the statute of limitations.  While it appears that Murdock has not offered any counter point to Zucker's arguments, the Court need not reach Zucker's argument that Murdock fails to state a claim under Fed. R. Civ. P. 12(b)(6) in light of its ruling that such claims are procedurally defaulted under the statute of limitations.

### IV. Conclusion

For the foregoing reasons, Murdock's motions to set aside the Court's August 17, 2011 Order are denied and Zucker's motion to dismiss is granted.  An appropriate Order shall issue.

Dated: June 20, 2012

                                                     s/ Joseph H. Rodriguez
                                                    Hon. Joseph H. Rodriguez,
                                                    United States District Judge